# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DANIEL RAY WEDSTED                                                                 PLAINTIFF

V.                               No. 4:17CV00263-BSM-JTR

BRETT CARPENTER,
Lieutenant/Jail Supervisor,
Saline County Detention Center                                                     DEFENDANT

BRETT CARPENTER,
Lieutenant/Jail Supervisor,
Saline County Detention Center                                          THIRD-PARTY PLAINTIFF

V.

TURN KEY HEALTH CLINICS LLC                                       THIRD-PARTY DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Daniel Ray Wedsted ("Wedsted") filed this § 1983 action while he was a pretrial detainee at the Saline County Detention Center ("SCDC"). After screening his Complaint and Amended Complaint, the Court allowed Wedsted to proceed with his inadequate medical care claim against Defendant Brett Carpenter, but dismissed all other claims and Defendants. *Docs. 2, 6, 10 & 12.* On November 7, 2018, Carpenter filed a Third-Party Complaint raising an indemnification claim against Turn Key Health Clinics LLC ("Turn Key"), which had contractually agreed to provide medical and dental services to individuals confined at the SCDC. *Doc. 30.*

Turn Key has filed a Motion to Dismiss due to Wedsted's failure to cooperate in discovery and diligently prosecute this case. *Doc. 39.* Wedsted has not filed a Response.

The relevant procedural history is as follows:

On December 10, 2018, Turn Key propounded Interrogatories and Requests for Production of Documents to Wedsted. *Doc. 35, Ex. A.* Because Wedsted had been released from incarceration, Turn Key mailed its discovery requests to Wedsted at the free-world address he had provided to the Court. *Id.; see Doc. 15.* On January 22, 2019, Turn Key sent Wedsted a letter asking about the status of his responses to

its discovery requests. *Doc. 35, Ex. B*. Wedsted did not respond to Turn Key's discovery requests or the January 22, 2019 letter.

On February 18, 2019, Turn Key filed a Motion to Compel, stating that, despite attempting in good faith to engage in discovery, Wedsted had failed to provide any responses to its discovery requests. *Doc. 35*.

On February 19, 2019, the Court granted Turn Key's Motion to Compel and ordered Wedsted to file in the record, on or before March 19, 2019, his responses to Turn Key's December 10, 2018 discovery requests. The Court warned Wedsted that his case could not continue if he refused to answer discovery. *Doc. 36*. Because of the outstanding discovery requests, the Court extended Turn Key's deadline for filing dispositive motions to May 5, 2019. *Doc. 38*.

On May 3, 2019, Turn Key filed a Motion to Dismiss, stating that Wedsted had not responded to their discovery requests or to the Court's February 19, 2019 Order directing him to file his responses in the record. *Doc. 39*. Turn Key stated that Wedsted also had failed to sign and return a Medical Authorization Form, preventing it from obtaining the medical records necessary to assess and prepare dispositive motions in this case. Turn Key also sought extension of the dispositive motions deadline.

On May 6, 2019, the Court entered an Order providing Wedsted with another opportunity to respond to the discovery requests:

> [O]n or before by **May 20, 2019**, Wedsted must: (1) file a Response to Turn Key's Motion to Dismiss; (2) file, in the record, his Answers to Turn Key's December 10, 2018 Interrogatories and Requests for Production of Documents; and (3) file, in the record, a completed Medical Authorization Form. **If Wedsted does not timely and fully comply with this Order by May 20, 2019, this case will be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).**

*Doc. 41.*

Wedsted has not responded to the Court's May 6, 2019 Order, and the deadline has passed.

## II. Discussion

Federal Rule of Civil Procedure 37(b)(2)(A) provides, in pertinent part, that a court may dismiss an action if "a party . . . fails to obey an order to provide or permit discovery." Similarly, a court may dismiss a cause of action if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

Wedsted failed to comply with two Court orders directing him to file, in the record, his responses to Turn Key's December 10, 2018 discovery requests. *Docs. 36 & 41*. He failed to respond to Turn Key's Motion to Dismiss, and he has failed to provide a signed medical authorization form, despite the Court's specific instructions to do so. Wedsted's last communication with the Court was on August 15, 2017, almost two years ago. *See Doc. 17*. The Court concludes that dismissal of Wedsted's case is warranted due to his failure to participate in discovery, respond to the Court's Orders, and prosecute his case diligently.

4

Accordingly, the Court recommends that Turn Key's Motion to Dismiss (*Doc. 39*) be GRANTED, and this case be DISMISSED, in its entirety, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Turn Key's Motion to Dismiss *(Doc. 39)* be GRANTED.

2. Wedsted's Complaint and Amended Complaint (*Docs. 2 & 6*) be DISMISSED, WITHOUT PREJUDICE.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 29th day of May, 2019.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE